Koorosh K. Shahrokh, Esq. (Bar No. 224335)
**NATIONAL CHOICE LAWYERS**
19727 Ventura Blvd., Suite B
Woodland Hills, CA 91346
Telephone: 818-996-7301
Facsimile:  818-996-7302
E-Mail: Mr.K@NationalChoiceLawyers.com

ATTORNEY FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR MKRTCHYAN, an individual,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>KONINKLIJKE PHILIPS N.V., a business entity, form unknown,<br>PHILIPS NORTH AMERICA LLC, a business entity, form unknown,<br>PHILIPS HOLDING USA, INC., a business entity, form unknown,<br>PHILIPS RS NORTH AMERICA LLC, a business entity, form unknown,<br>and DOES 1 to 100, inclusive,<br><br>                                    Defendants. | Case No.: 2:22-cv-1950<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**1. BREACH OF EXPRESS WARRANTY**<br><br>**2. BREACH OF IMPLIED WARRANTIES**<br><br>**3. FRAUDULENT MISREPRESENTATION**<br><br>**4. FRAUD BY OMISSION**<br><br>**5. NEGLIGENT MISREPRESENTATION**<br><br>**6. FAILURE TO WARN**<br><br>**7. STRICT PRODUCT LIABILITY**<br><br>**8. UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now Plaintiff VALDIMIR MKRTCHYAN (hereinafter "Plaintiff") and alleges, avers, and claims against Defendants KONINKLIJKE PHILIPS N.V., a business entity, for unknown, PHILIPS NORTH AMERICA LLC, a business entity, form unknown, PHILIPS HOLDING USA, INC., a business entity form unknown, PHILIPS RS NORTH AMERICA LLC and DOES 1 to 100, inclusive (hereinafter "Defendants") and each of them, as follows:

# I.

## PARTIES & JURISDICTION

1. Plaintiff is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint a resident of the State of California.

2. Plaintiff is informed and believes and thereby alleges that Defendant KONINKLIJKE PHILIPS N.V. ("Defendant Royal Philips") is a multi-national corporation, form unknown, with its principal place of business in Amsterdam, Netherlands.

3. Plaintiff is informed and believes and thereby alleges that Defendant PHILIPS NORTH AMERICA LLC ("Defendant Philips NA") is a business entity, form unknown, incorporated in the State of Delaware, with a principal place of business located at 222 Jacobs Street, 3rd Floor, Cambridge, MA, 02141.

4. Plaintiff is informed and believes and thereby alleges that Defendant PHILIPS HOLDING USA, INC. ("Defendant Philips USA") is a business entity, form unknown, incorporated in the State of Delaware, with a principal place of business located at 222 Jacobs Street, 3rd Floor, Cambridge, MA, 02141.

5. Plaintiff is informed and believes and thereby alleges that Defendant PHILIPS RS NORTH AMERICA LLC ("Defendant Philips RS") is a business entity, form unknown, incorporated in the State of Delaware, with a principal place of business located at 6501 Living Place, Pittsburgh, Pennsylvania, 15206.

6. Defendant Philips RS was formerly operated under the business name of "Respironics, Inc."; was acquired by Defendant Royal Philips in 2008.

7. Defendant Royal Philips is the parent company of the Philips group of healthcare technology businesses, including businesses focusing on sleep and respiratory care.

8. Defendant Royal Philips directly or indirectly hold 100% of its subsidiaries, Defendants Philips NA, Philips USA and Philips RS.

9. Upon information and belief, Plaintiff contends Defendant Royal Philips controls Defendants Philips NA, Philips USA and Philips RS in the manufacturing, selling, distributing and supplying of the recalled CPAP and Bi-level PAP machines.

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 – TELEPHONE    FACSIMILE – 818-996-7302

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 – TELEPHONE    FACSIMILE – 818-996-7302

10. Defendants Royal Philips, Philips NA, Philips USA, and Philips RS shall collectively be referred to as "Philips".

11. The true names and capacities of the defendants named herein as does 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such defendants by fictitious names pursuant to *California Code of Civil Procedure* ("CCP") §474.

12. Plaintiff is informed and believes that doe defendants are California residents and/or do business in California, or are residents or do business in the United States of America.

13. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

14. Defendants, and each of them, are now, and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

15. Defendants proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other defendants thereby proximately causing the damages alleged in this Complaint.

17. The damages alleged in this Complaint are within the jurisdiction of this Court.

18. This Court is the proper venue because the events and occurrences alleged in this Complaint occurred within the jurisdiction of this Court.

19. Plaintiff is informed and believes that each defendant, and doe defendants, reside, do business, or have sufficient minimum contacts in the State of California to justify personal jurisdiction over said defendants.

## II.

## GENERAL ALLEGATIONS

## COMMON TO ALL CAUSES OF ACTION

20. Plaintiff incorporates by reference and alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE                    FACSIMILE — 818-996-7302

21. Plaintiff brings this action as a purchaser and user of a Continuous Positive Airway Pressure (CPAP) device manufactured by Philips, which contain polyester-based polyurethane sound abatement foam ("PE-PUR Foam").

22. In 2016, Plaintiff purchased a Philips Respironics Remstar SE CPAP device that he used nightly from September 16 2016 until January 22, 2020.

23. On or about January 22, 2020, Plaintiff purchased a Philips DreamStation CPAP device, which he used nightly from the date of receipt until June 15, 2021.

24. On April 26, 2021, Philips made a public announcement disclosing it had determined there were risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

25. On June 14, 2021, Royal Philips issued a recall in the United States of its CPAP, Bi-Level PAP, and mechanical ventilator devices containing PE-PUR Foam (the "Recalled Devices"), because Philips had determined that (a) the PE-PUR Foam was at risk for degradation into particles that may enter the devices' pathway and be ingested or inhaled by users, and (b) the PE-PUR Foam may off-gas certain chemicals during operation (the "Recall Notice").

26. Philips reported that lab analysis of the degraded foam reveals the presence of harmful chemicals, including: Toluene Diamine ("TDA"), Toluene Diisocyanate ("TDI"), and Diethylene Glycol ("DEG").

27. The potential risks of chemical exposure due to off-gassing of PE-PUR Foam in these devices include: skin, eye, nose, and respiratory tract irritation, headache, dizziness, hypersensitivity, nausea, vomiting, and toxic and carcinogenic effects.

28. Philips has disclosed that the absence of visible particles in the devices does not mean that PE-PUR Foam breakdown has not already begun.

29. The Philips Recalled Devices include the REMStar SE and DreamStar CPAP devices purchased by Plaintiff.

30. Philips further disclosed in its Recall Notice that these issues can result in serious injury which can be life-threatening, cause permanent impairment, and/or require medical intervention to preclude permanent impairment.

31. According to Philips, the PE-PUR Foam used in the Recalled Devices put users at risk of suffering from skin, eye and respiratory tract irritation, inflammatory response, headache, asthma, adverse effects to other organs such as the liver and kidneys, and toxic carcinogenic effects.

32. Philips reported to physicians that PE-PUR Foam particles "may cause irritation and airway inflammation, and this may be particularly important for patients with underlying lung diseases or reduced cardiopulmonary reserve."

33. Further, Philips reported that "based on lab testing and evaluations, it may be possible that these potential health risks could result in a wide range of potential patient impact, from transient potential injuries, symptoms and complications, as well as possibly serious injury which can be life-threatening, or cause permanent impairment, or require medical intervention to preclude permanent impairment."

34. Prior to issuing the Recall Notice, Philips received complaints regarding the presence of black debris/particles within the airpath circuit of its devices (extending from the device outlet, humidifier, tubing, and mask).

35. Philips also received reports of headaches, upper airway irritation, cough, chest pressure and sinus infection from users of these devices.

36. Philips recommended that patients using the recalled CPAP and Bi-Level PAP devices immediately discontinue using their devices and that patients using the recalled ventilators for life-sustaining therapy consult with their physicians regarding alternative ventilator options.

**37.** On June 14, 2021, Plaintiff received an notification from CPAP.com advising him that his Philips' Respironics Remstar SE and DreamStation CPAP devices were subject to a recall due to the presence of a dangerous PE-PUR Foam that could cause him to suffer from adverse health effects, including, inter alia, cancer and organ failure.

38. Plaintiff was advised to discontinue use of the devices.

39. He was also advised to verify whether his devices were subject to the recall by submitting the serial numbers for his devices to an online database Philips established.

40. Plaintiff received confirmation that both his CPAP devices were subject to recall.

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 – TELEPHONE    FACSIMILE – 818-996-7302

**COMPLAINT**

41. At no time prior to its Regulatory Update on April 26, 2021, did Philips disclose to purchasers or users of the Recalled Devices that the PE-PUR Foam contained therein may offgas or degrade upon use. Similarly, prior to the Update, Philips did not disclose any health risks associated with use of the Recalled Devices.

42. Philips has not disclosed when it first discovered or received reports from users of their Sleep & Respiratory Care devices "regarding the presence of black debris/particles within the airpath circuit (extending from the device outlet, humidifier, tubing, and mask)."

43. At a minimum, as a result of user reports, Philips was aware of the off-gassing and degradation of the PE-PUR Foam used in the Recalled Devices at some point prior to the recall yet continued to manufacture and sell the Recalled Devices with such awareness.

44. During this period, Philips unreasonably and unjustly profited from the manufacture and sale of the Recalled Devices and unreasonably put users of the Recalled Devices at risk of development of serious adverse health effects, including organ failure and cancer.

45. The information described above, including the now-known health risks of Philips CPAP devices, the recall, and the medical warnings and advice issued by Philips, have rendered the Recalled Devices worthless to patients with sleep apnea and respiratory conditions.

46. Individuals must immediately discontinue their use of the Recalled Devices or face serious health risks as grave as organ failure or cancer.

47. If they choose to discontinue use of the Recalled Devices they must pay for another expensive device in order to receive effective treatment for their respiratory conditions.

48. As a result of the health risks associated with the use of the Recalled Devices, together with Philips' concealment of these risks from the date they were first reported to Philips or discovered by Philips through April 26, 2021, the Recalled Devices have been rendered completely worthless or, at the very least, have been substantially diminished in value.

49. The manuals accompanying Plaintiff's Respironics RemStar SE and DreamStation CPAP devices did not contain any language or warnings of health risks associated with use of the device, including skin, eye, nose, and respiratory tract irritation, inflammatory response, headache, asthma, adverse effects to other organs such as the kidneys and liver, and toxic carcinogenic effects.

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE        FACSIMILE — 818-996-7302

**COMPLAINT**

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE          FACSIMILE — 818-996-7302

50. Had Philips informed Plaintiff of these risks, he would not have purchased or used the Recalled Devices.

51. Without knowing of the health risks associated with use of the Recalled Devices, Plaintiff used his Recalled Devices regularly to treat his respiratory condition until learning on or about June 26, 2021, that the devices were recalled.

52. As a result of the health risks associated with continued use of these devices and the recall, Plaintiff's Respironics Remstar SE CPAP and DreamStation CPAP devices are now worthless.

53. Plaintiff has now incurred, or will incur, substantial expenses to replace the devices.

54. In addition, Plaintiff has experienced chest pain, headaches, vomiting, cough, shortness of breath, sinus congestion, dizziness, blurred vision and other eye problems during, and as a result of, his use of Philips' CPAP machines.

55. Since being notified of the recall, Plaintiff has experienced anxiety concerning the potential serious health risks he is facing from possible exposure to off-gassed or degraded PE-PUR Foam in the recalled devices.

56. Plaintiff seeks to recover damages based on, *inter alia*, Philips' breach of express warranty, breach of implied warranties, misrepresentations, omissions, product liability and unjust enrichment in connection with its manufacture, marketing and sales of devices containing PE-PUR Foam.

57. In addition, Plaintiff seeks medical monitoring damages for his use of the Philips' devices identified in this Complaint, since he is at risk of suffering from serious injury as a result of his use of the Philips' devices, including skin, nose, eye, and respiratory tract irritation, inflammatory response, headache, asthma, adverse effects to other organs, such as the kidneys and liver, and toxic carcinogenic effects.

58. As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and loss.

///

///

///

///

///

COMPLAINT

*Vladimir Mkrtchyan v. Philips Respironics et al.*                    *Court File No.: 2:22-cv-1950*

*21-0064*

### III.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

59. Plaintiff incorporates by reference and alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

60. Philips marketed and sold the Recalled Devices into the stream of commerce with the intent that the Recalled Devices would be purchased by the public, including Plaintiff.

61. Philips expressly warranted, advertised, and represented to Plaintiff that the Recalled Devices were safe and appropriate for human use.

62. Philips made these express warranties regarding the Recalled Devices' quality and fitness for use in writing through its website, advertisements, and marketing materials, and on the Recalled Devices' packaging and labels.

63. These express warranties became part of the basis of the bargain that Plaintiff entered into upon purchasing the Recalled Devices.

64. Philips' advertisements, warranties, representations, and omissions regarding health risks associated with the Recalled Devices, were made in connection with the sale of the Recalled Devices to Plaintiff.

65. Plaintiff relied on Philips' advertisements, warranties, representations, and omissions regarding the Recalled Devices in deciding whether to purchase and use Philips' Recalled Devices.

66. Philips' Recalled Devices do not conform to Philips' advertisements, warranties, representations, and omissions in that they are not safe, healthy, and appropriate for human use, and pose risks of serious injury and disease, including organ failure and cancer.

67. Philips therefore breached its express warranties by placing Recalled Devices into the stream of commerce and selling them to consumers, when their use posed health risks, had dangerous effects and were unsafe, rendering these products unfit for their intended use and purpose, and unsafe and unsuitable for consumer use as marketed by Philips.

///

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 – TELEPHONE                FACSIMILE – 818-996-7302

**COMPLAINT**

*Vladimir Mkrtchyan v. Philips Respironics et al.*                *Court File No.: 2:22-cv-1950*

**8**

*21-0064*

68. These associated health effects substantially impair the use, value, safety of the Recalled Devices, and render them worthless.

69. Philips was aware, or should have been aware, of the toxic or dangerous health effects of the use of the Recalled Devices, but nowhere on the package labeling or package inserts or on Philips' websites or other marketing materials did Philips warn Plaintiff that he was at risk of developing adverse health effects as a result of the dangerous PE-PUR Foam used in the Recalled Devices.

70. Instead, Philips concealed the dangerous health effects of the PE-PUR Foam used in the Recalled Devices and deceptively represented that these products were safe, healthy, and appropriate for use.

71. Philips thus utterly failed to ensure that the material representations they were making to consumers were true.

72. The adverse health effects associated with use of the Recalled Devices existed when they left Philips' possession or control and were sold to Plaintiff.

73. The dangers associated with use of the Recalled Devices were undiscoverable by Plaintiff at the time of purchase of the Recalled Devices.

74. As manufacturers, marketers, advertisers, distributors and sellers of the Recalled Devices, Philips had exclusive knowledge and notice of the fact that the Recalled Devices did not conform to the affirmations of fact and promises.

75. In addition, or in the alternative, to the formation of an express contract, Philips made each of the above-described representations and omissions to induce Plaintiff to rely on such representations and omissions.

76. Philips' affirmations of fact and promises and its omissions were material, and Plaintiff reasonably relied upon such representations and omissions in purchasing and using the Recalled Devices.

77. All conditions precedent to Philips' liability for its breach of express warranty have been performed by Plaintiff.

78. Affording Philips an opportunity to cure its breaches of written warranties would be unnecessary and futile.

79. Philips was placed on reasonable notice from user reports and its lab testing that the PE-PUR Foam in the Recalled Devices was unsafe.

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE        FACSIMILE — 818-996-7302

**COMPLAINT**

80. Philips had ample opportunity either to stop using the PE-PUR Foam or to replace the PE-PUR Foam in the Recalled Devices to make them safe and healthy for use by Plaintiff but failed to do so until now.

81. As a direct and proximate result of Philips' breaches of express warranty, Plaintiff has been damaged because he did not receive the products as specifically warranted by Philips.

82. Plaintiff did not receive the benefit of the bargain and suffered damages at the point of sale stemming from his overpayment for the Recalled Devices.

83. As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and loss.

**SECOND CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

84. Plaintiff incorporates by reference and alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

85. Philips are merchants engaging in the sale of goods to the public, including Plaintiff.

86. There was a sale of goods from Philips to Plaintiff.

87. At all times mentioned herein, Philips manufactured or supplied the Recalled Devices, and prior to the time the Recalled Devices were purchased by Plaintiff, Philips impliedly warranted to him that the Recalled Devices were of merchantable quality, fit for their ordinary use, and conformed to the promises and affirmations of fact and omissions made on the Recalled Devices' labels and packaging, including that the Recalled Devices were safe and appropriate for human use.

88. Plaintiff relied on Philips' promises and affirmations of fact and omissions when he purchased and used the Recalled Devices.

89. Contrary to these representations and warranties, the Recalled Devices were not fit for their ordinary use and did not conform to Philips' affirmations of fact and promises and omissions because use of the Recalled Devices is accompanied by the risk of adverse health effects, which does not conform to the labels and packaging of these devices.

90. Philips breached its implied warranties by selling Recalled Devices that failed to conform to the promises or affirmations of fact made on the packaging or label, as use of each Recalled Devices

NATIONAL CHOICE LAWYERS
19727 Ventura Blvd., Suite B, Woodland Hills, California 91346
818-996-7301 – Telephone Facsimile – 818-996-7302

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE
FACSIMILE — 818-996-7302

1    was accompanied by the risk of developing adverse health effects that do not conform to the

2    packaging or label.

3    91. Philips was on notice of this breach, as it was made aware of the adverse health effects

4    accompanying use of the Recalled Devices through user reports submitted to Philips and through lab

5    testing.

6    92. Privity exists because Philips impliedly warranted to Plaintiff through the warranting, packaging,

7    advertising, marketing, and labeling that the Recalled Devices were natural, and suitable for use to

8    treat health conditions, and made no mention of the attendant health risks associated with use of the

9    Recalled Devices.

10   93. As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and loss.

11                               **THIRD CAUSE OF ACTION**

12                          **FRAUDULENT MISREPRESENTATION**

13   94. Plaintiff incorporates by reference and alleges each and every one of the allegations contained in the

14   preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

15   95. Philips failed to advise Plaintiff that the Recalled Devices posed serious health risks to their users

16   and Philips falsely represented to Plaintiff that the Recalled Devices were safe for human use.

17   96. Philips intentionally, knowingly, and recklessly made these misrepresentations and omissions to

18   induce Plaintiff to purchase the Recalled Devices.

19   97. Philips knew that its representations and omissions about the Recalled Devices were false in that the

20   Recalled Devices contained PE-PUR Foam and thus were at risk of causing adverse health effects to

21   users of the Recalled Devices, which does not conform to the products' labels, packaging,

22   advertising, and statements.

23   98. Philips knowingly allowed its packaging, labels, advertisements, promotional materials, and

24   websites to intentionally mislead consumers, such as Plaintiff.

25   99. Plaintiff did in fact rely on these omissions and misrepresentations and purchased and used the

26   Recalled Devices to his detriment.

27   ///

28   ///

100.    Given the deceptive manner in which Philips advertised, represented, and otherwise promoted the Recalled Devices, Plaintiff's reliance on Philips' omissions and misrepresentations was justifiable.

101.    As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and loss.

## FOURTH CAUSE OF ACTION

## FRAUD BY OMISSION

102.    Plaintiff incorporates by reference and alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

103.    Philips concealed from and failed to disclose to Plaintiff that use of Recalled Devices is accompanied by a risk of adverse health effects, which does not conform to the products' labels, packaging, advertising, and statements.

104.    Philips was under a duty to disclose to Plaintiff the true quality, characteristics, ingredients and suitability of the Recalled Devices because: (a) Philips was in a superior position to know the true state of facts about its products; (b) Philips was in a superior position to know the risks associated with the use of, characteristics of, and suitability of the Recalled Devices for use by individuals; and (c) Philips knew that Plaintiff could not reasonably have been expected to learn or discover prior to purchasing the Recalled Devices that there were misrepresentations and omissions by Philips in the packaging, labels, advertising, and websites regarding the health risks associated with use of these devices.

105.    The facts concealed or not disclosed by Philips to Plaintiff were material in that a reasonable consumer would have considered them important when deciding whether to purchase the Recalled Devices.

106.    Plaintiff justifiably relied on Philips' omissions to his detriment.

107.    The detriment is evident from the true quality, characteristics, and risk associated with the use of the Recalled Devices, which is inferior when compared to how the Recalled Devices are advertised and represented by Philips.

///

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE    FACSIMILE — 818-996-7302

**COMPLAINT**

*Vladimir Mkrtchyan v. Philips Respironics et al.*                                    *Court File No.: 2:22-cv-1950*

*21-0064*

108.    As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and

loss.

### FIFTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

109.    Plaintiff incorporates by reference and alleges each and every one of the allegations contained in

the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

110.    Philips had a duty to Plaintiff to exercise reasonable and ordinary care in the developing, testing,

manufacture, marketing, distribution, and sale of the Recalled Devices.

111.    Philips breached its duty to Plaintiff by developing, testing, manufacturing, advertising,

marketing, distributing, and selling products to Plaintiff that did not have the qualities,

characteristics, and suitability for use as advertised by Philips and by failing to promptly remove the

Recalled Devices from the marketplace or to take other appropriate remedial action upon becoming

aware of the health risks of the Recalled Devices.

112.    Philips knew or should have known that the qualities and characteristics of the Recalled Devices

were not as advertised or suitable for their intended use and were otherwise not as warranted and

represented by Philips. Specifically, Philips knew or should have known that: (a) the use of the

Recalled Devices was accompanied by risk of adverse health effects that do not conform to the

packaging and labeling; (b) the Recalled Devices were adulterated, or at risk of being adulterated, by

the PE-PUR Foam; and (c) the Recalled Devices were otherwise not as warranted and represented by

Philips.

113.    As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and

loss.

### SIXTH CAUSE OF ACTION

### FAILURE TO WARN

114.    Plaintiff incorporates by reference and alleges each and every one of the allegations contained in

the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

115.    Philips was under a duty to disclose to Plaintiff the true quality, characteristics, ingredients and

suitability of the Recalled Devices because: (a) Philips was in a superior position to know the true

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE          FACSIMILE — 818-996-7302

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 — TELEPHONE    FACSIMILE — 818-996-7302

1  state of facts about its products; (b) Philips was in a superior position to know the risks associated

2  with the use of, characteristics of, and suitability of the Recalled Devices for use by individuals; and

3  (c) Philips knew that Plaintiff could not reasonably have been expected to learn or discover prior to

4  purchasing the Recalled Devices that there were misrepresentations and omissions by Philips in the

5  packaging, labels, advertising, and websites regarding the health risks associated with use of these

6  devices.

7  116.    Philips failed to warn Plaintiff that the Recalled Devices posed serious health risks to their users

8  and Philips falsely represented to Plaintiff that the Recalled Devices were safe for human use.

9  117.    As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and

10  loss.

## SEVENTH CAUSE OF ACTION

## STRICT PRODUCT LIABILITY

13  118.    Plaintiff incorporates by reference and alleges each and every one of the allegations contained in

14  the preceding and foregoing paragraphs of this pleading as if fully set forth herein.

15  119.    At all times mentioned in this complaint, Philips negligently and carelessly designed,

16  manufactured, constructed, assembled, inspected, distributed and/or sold the Recalled Devices, such

17  that they were dangerous and unsafe for their intended uses.

18  120.    At all times mentioned in this Complaint, Philips negligently and carelessly failed to warn, or

19  adequately warn, consumers about the dangers of the Recalled Devices, including Plaintiff.

20  121.    In the alternative, at all times mentioned in this Complaint, Philips negligently and carelessly

21  designed, manufactured, constructed, assembled, inspected, distributed and/or sold the Recalled

22  Devices, such that they were dangerous and unsafe for their intended uses.

23  122.    At all times mentioned in this Complaint, Philips negligently and carelessly failed to warn, or

24  adequately warn, consumers about the dangers of the Recalled Devices, including Plaintiff.

25  123.    As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and

26  loss.

27  ///

28  ///

**EIGHTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

124.    Plaintiff incorporates by reference and alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

125.    Plaintiff conferred substantial benefits on Philips through their purchase of the Recalled Devices. Philips knowingly and willingly accepted and enjoyed these benefits.

126.    Philips either knew or should have known that the payments rendered by Plaintiff were given with the expectation that the Recalled Devices would have the qualities, characteristics, and suitability for use represented and warranted by Philips.

127.    As such, it would be inequitable for Philips to retain the benefit of the payments under these circumstances.

128.    Philips' acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Philips to retain the benefits without payment of the value to Plaintiff.

129.    Plaintiff is entitled to recover from Philips all amounts wrongfully collected and improperly retained by Philips, plus interest thereon.

130.    As a direct and proximate result of Philips' conduct, Plaintiff has suffered injury, damage and loss.

**IV.**

**DAMAGES**

131.    As a direct and proximate result of the wrongful conduct of Philips, Plaintiff sustained severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

132.    By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for medications and other medical supplies and services. Plaintiff is informed and thereon alleges that further services of a similar nature will be required in an amount to be shown according to proof.

///

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 – TELEPHONE   FACSIMILE – 818-996-7302

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 – TELEPHONE                    FACSIMILE – 818-996-7302

133.   At the time of the injury, as aforesaid, Plaintiff was regularly and gainfully employed or able to be employed.  By reason of the foregoing, Plaintiff has been unable to engage in employment for a time subsequent to said incident, and Plaintiff is informed and believes, and upon such information and belief, alleges that he will be unable to work for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.

134.   As a direct and proximate result of Philips' conduct, Plaintiff has suffered actual damages in that he purchased the Recalled Devices (a) that were worth less than the price he paid, (b) which he would not have purchased at all had he known they contained PE-PUR Foam that could cause users of the Recalled Devices to suffer adverse health effects, and (c) which do not conform to the products' labels, packaging, advertising, and statements.

135.   Plaintiff seeks actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Philips' failure to deliver goods conforming to their express warranties and resulting breach.

136.   Plaintiff seeks actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Philips' failure to deliver goods conforming to their implied warranties and resulting breach.

137.   Plaintiff seeks actual damages, attorneys' fees, costs, and any other just and proper relief available.

## V.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

## VI.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, for:

a.   General Damages for $1,000,000.00 for breach of express warranty or in the sum according to proof;

b.   General Damages for $1,000,000.00 for breach of implied warranties or in the sum according to proof;

**COMPLAINT**

NATIONAL CHOICE LAWYERS
19727 VENTURA BLVD., SUITE B, WOODLAND HILLS, CALIFORNIA 91346
818-996-7301 – TELEPHONE        FACSIMILE – 818-996-7302

c.  General Damages for $1,000,000.00 for fraudulent misrepresentation or in the sum according to proof;

d.  General Damages for $1,000,000.00 for fraud by omission or in the sum according to proof;

e.  General Damages for $1,000,000.00 for negligent misrepresentation or in the sum according to proof;

f.  General Damages for $1,000,000.00 for failure to warn or in the sum according to proof;

g.  General Damages for $1,000,000.00 for strict product liability or in the sum according to proof;

h.  General Damages for $1,000,000.00 for unjust enrichment or in the sum according to proof;

i.  Special Damages incurred and to be incurred for services of hospitals, physicians, surgeons, nurses and other medical supplies and services in a sum according to proof at trial;

j.  Damages for permanent or temporary disability;

k.  Damages for emotional distress;

l.  Damages for future medical monitoring for Plaintiff;

m. Damages for loss of earnings, both past and prospective, in an amount to be proven at trial;

n.  Damages for loss of capacity to earn income in an amount to be proven at trial;

o.  Damages for loss of homemaking services in an amount to be proven at trial;

p.  For the interest provided by law including, but not limited to, *California Civil Code* § 3291; and

q.  Costs of suit and for such other and further relief as the court deems proper.

Dated: March 24, 2022                    **NATIONAL CHOICE LAWYERS**

_____

Koorosh K. Shahrokh, Esq.
Attorney for Plaintiff